CONTEMPORARY SERVICES COR-
PORATION, a California corpora-
tion, Plaintiff—Appellant,

v.

SERVICE EMPLOYEES INTERNA-
TIONAL UNION, Local 1877, AFL–
CIO–CLC, Defendant—Appellee.

No. 01–16635.

D.C. No. CV–01–00682–CW.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 12, 2002.

Before HAWKINS, GRABER, and
RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

"[W]here [a labor agreement] contains an arbitration clause, there is a presumption of arbitrability." *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). "'An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

The collective bargaining agreement ("CBA") between Contemporary Services Corporation ("Contemporary") and Services Employees International Union, Local 1877 (the "Union") is ambiguous as to whether its grievance and arbitration provision applies to Contemporary-initiated claims. In the face of such an ambiguity, "'[d]oubts should be resolved in favor of [arbitration].'" *Id.* "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail...." *Warrior & Gulf*, 363 U.S. at 584–85, 80 S.Ct. at 1354. Here, nothing in Article 12 of the CBA specifically states that it does not apply to claims brought by Contemporary. Further, Article 14 of the CBA strongly supports resolving the ambiguity of Article 12 in favor of arbitration of Contemporary's claim.

Contemporary's citation to *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), *overruled on other grounds by Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), does not change the analysis. *Atkinson* held that an arbitration provision did not apply to company-initiated claims where the provision stated that the arbitrator "shall consider only individual or local employee or local committee grievances...." *Id.* at 243, 82 S.Ct. at 1322. Unlike the arbitration provision in *Atkinson*, Article 12 in no way limits the jurisdiction of the arbitrator.

The district court's dismissal is AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.